# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| TIMOTHY FRAZIER, | ) | |
| | ) | |
| Movant, | ) | |
| v. | ) | Case No. CV411-131 |
| | ) | CR408-146 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Timothy Frazier moves for 28 U.S.C. § 2255 relief. CR408-146, doc. 62.[1] He contends that his sentence was improperly enhanced by unsupported "prior crime" evidence, and thus his lawyer was ineffective for failing to address that. Doc. 63 at 3-6. The government moves to dismiss on the merits. Doc. 67.[2] Its motion should be granted.

## I. BACKGROUND

Frazier was indicted for three crimes: (1) possession of a firearm by a convicted felon and armed career criminal in violation of 18 U.S.C. §§

---

1 The Court hereafter will cite documents only from Frazier's criminal case, CR408-146.

2 The Court is citing to "E-filed" documents and thus using the electronic screen page inserted onto the top of each page by the Court's CM/ECF software. It may not always align with the original, printed-page pagination

922(g)(1) and 924(e)(1); (2) possession with intent to distribute five grams or more of cocaine base and cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and (3) possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Doc. 1. In a plea bargain, he agreed to plead guilty to count one -- possession of a firearm and ammunition by a convicted felon and armed career criminal -- and the other two counts would be dropped. Doc. 39 at 3-4.

In his written plea agreement he admitted that he had prior convictions for eight specific felonies, including four that qualified him as an armed career criminal under the Armed Career Criminal Act (ACCA),[3] 18 U.S.C. § 924(e)(1): obstruction of justice with violence, possession of cocaine with intent to distribute, and two counts of possession of a controlled substance with intent to distribute. Doc. 39. at 4-5.

---

[3] "'The ACCA imposes a 15–year mandatory minimum sentence on an offender who has three prior convictions "for a violent felony or a serious drug offense.' 18 U.S.C. § 924(e)(1)." *United States v. Devo*, 2012 WL 443339 at * 1 (11th Cir. Feb. 13, 2012). Violent felony means violent force against another. *United States v. Owens*, ___ F.3d ___, 2012 WL 603233 at * 4-5 (11th Cir. Feb. 27, 2012). The offenses must be committed on occasions different from one another. *United States v. Millender*, 2012 WL 178834 at * 1 (Jan. 24, 2012); *United States v. Proch*, 637 F.3d 1262, 1265 (11th Cir. 2011) (each of the three previous convictions must have arisen out of a separate and distinct criminal episode and be "temporally distinct"). Frazier does not quarrel with the judicial finding that his prior crimes fit these criteria.

The probation officer's presentence investigation report (PSI) calculated Frazier's recommended sentence under the advisory guidelines. The recommended sentence is the product of his total offense level and criminal history category. U.S.S.G. § 1B1.1. "A defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal." U.S.S.G. § 4B1.4(a). As noted *supra*, n. 3, a § 922(g) violator with at least *three* previous convictions for a violent felony or a serious drug offense is subject ACCA enhancement.

Frazier had *four*: (1) in 1988, after he threatened, fought with, and kicked a police officer who was attempting to arrest him, he pled guilty to felony obstruction of justice under Georgia law, PSI at 6 ¶ 21; (2) in 1995 he pled guilty to possession of cocaine with intent to distribute, PSI at 7 ¶ 24; (3) in 1999, he again pled guilty for possession of cocaine with intent to distribute, PSI at 8 ¶ 25; and (4) while on parole for the preceding offense, he in 2002 was arrested for possession of a controlled substance with intent to distribute, but was allowed to plead it down to possession of cocaine. PSI at 8 ¶¶ 25-26. Frazier thus qualified for ACCA

3

enhancement. PSI at 5 ¶ 17; PSI at 9 ¶ 28. And, he does not otherwise challenge the PSI conclusion that the advisory guideline range for his imprisonment was 188 to 235 months. PSI at 16 ¶ 55.

Represented by Martin G. Hilliard, doc. 66 at 2, Frazier did not object to the PSI, and at his sentencing he personally confirmed that it contained no factual inaccuracies. Doc. 66 at 5-6. This comported with his signed plea bargain, where he *expressly agreed* that, prior to the offenses charged here, he had committed "one or more felony offenses" punishable by at least one year of imprisonment, including: "Obstruction with Violence, case number CR88-1307-H, committed on April 22, 1988 and convicted on November 21, 1988, in the Superior Court of Chatham County" doc. 39 at 4 -- the very crime he now challenges here.

The district judge adopted the PSI's factual statements and guideline application calculations. *Id.* at 6. The prosecutor noted that Frazier's criminal history included four prior convictions for either crimes of violence or controlled substance offenses. *Id.* at 7. Neither Frazier nor Hilliard disputed that statement. *Id.* The judge reminded Frazier of his status as an armed career criminal and Frazier said he understood.

4

*Id.* at 8. The judge then sentenced him to 220 months in prison. *Id.* at 14. Following an unsuccessful appeal that raised no sentence challenge, doc. 58, Frazier filed this § 2255 motion. Doc. 62.

## II. ANALYSIS

Frazier argues that Hilliard provided him with ineffective assistance of counsel (IAC)[4] by failing to object when the district judge relied on

---

[4] On IAC claims the Court applies *Strickland v. Washington*, 466 U.S. 668, 687 (1984), which created a two-part test for determining whether counsel performed ineffectively. First, the movant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." 484 U.S. at 687. Second, the defective performance must have prejudiced the defense to such a degree that the results of the trial cannot be trusted. *Id.*

Under the performance prong, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. *Id.* at 690. It is generally appropriate to look to counsel's performance throughout the case in making such a determination. *Kimmelman v. Morrison*, 477 U.S. 365, 386 (1986). The movant carries a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. Indeed, Frazier must show that "'no competent counsel would have taken the action that his counsel did take.'" *Ford v. Hall*, 546 F.3d 1326, 1333 (11th Cir. 2008), *quoting Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc).

For the prejudice prong he must show that there was a reasonable probability that the results would have been different but for counsel's deficient performance. *Kimmelman*, 477 U.S. at 375; *Strickland*, 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *see also Lightbourne v. Dugger*, 829 F.2d 1012, 1022 (11th Cir. 1987); *Boykins v. Wainwright*, 737 F.2d 1539, 1542 (11th Cir. 1983).

police reports to conclude that his 1988 felony conviction for obstruction of justice under Georgia law constituted a crime of violence and qualified him as an armed career criminal. Doc. 63. He says those reports were not sufficient prove that prior crime, per *Shepard v. United States*, 544 U.S. 13 (2005); *see also United States v. Sneed*, 600 F.3d 1331, 1332 (11th Cir. 2010) (sentencing court could not use police reports in determining whether defendant's prior felony convictions were committed on different occasions, and thus qualified as predicate ACCA offenses), and, which that invalidates his ACCA status. Doc. 1-1 at 1-6.

Even assuming that is true, the government correctly points out that *three other* prior felonies support his ACCA enhancement. Doc. 67 at 9-10. Frazier does not negate that. And at sentencing, he freely admitted to all the facts in the PSI, which also tracked his *plea bargain stipulation*. He thus cannot now show that competent counsel would have objected to the presentence report on that basis. *United States v. Rodriguez*, 283 F. App'x. 743, 745 (11th Cir. 2008) ("[petitioner's] claim that his counsel should have objected to the facts in the [presentence report] fails because [petitioner] himself twice told the court that he had

police reports to conclude that his 1988 felony conviction for obstruction of justice under Georgia law constituted a crime of violence and qualified him as an armed career criminal. Doc. 63. He says those reports were not sufficient prove that prior crime, per *Shepard v. United States*, 544 U.S. 13 (2005); *see also United States v. Sneed*, 600 F.3d 1331, 1332 (11th Cir. 2010) (sentencing court could not use police reports in determining whether defendant's prior felony convictions were committed on different occasions, and thus qualified as predicate ACCA offenses), and, which that invalidates his ACCA status. Doc. 1-1 at 1-6.

Even assuming that is true, the government correctly points out that *three other* prior felonies support his ACCA enhancement. Doc. 67 at 9-10. Frazier does not negate that. And at sentencing, he freely admitted to all the facts in the PSI, which also tracked his *plea bargain stipulation*. He thus cannot now show that competent counsel would have objected to the presentence report on that basis. *United States v. Rodriguez*, 283 F. App'x. 743, 745 (11th Cir. 2008) ("[petitioner's] claim that his counsel should have objected to the facts in the [presentence report] fails because [petitioner] himself twice told the court that he had

police reports to conclude that his 1988 felony conviction for obstruction of justice under Georgia law constituted a crime of violence and qualified him as an armed career criminal. Doc. 63. He says those reports were not sufficient prove that prior crime, per *Shepard v. United States*, 544 U.S. 13 (2005); *see also United States v. Sneed*, 600 F.3d 1331, 1332 (11th Cir. 2010) (sentencing court could not use police reports in determining whether defendant's prior felony convictions were committed on different occasions, and thus qualified as predicate ACCA offenses), and, which that invalidates his ACCA status. Doc. 1-1 at 1-6.

Even assuming that is true, the government correctly points out that *three other* prior felonies support his ACCA enhancement. Doc. 67 at 9-10. Frazier does not negate that. And at sentencing, he freely admitted to all the facts in the PSI, which also tracked his *plea bargain stipulation*. He thus cannot now show that competent counsel would have objected to the presentence report on that basis. *United States v. Rodriguez*, 283 F. App'x. 743, 745 (11th Cir. 2008) ("[petitioner's] claim that his counsel should have objected to the facts in the [presentence report] fails because [petitioner] himself twice told the court that he had

read the [presentence report] and had no objections to the facts in the [presentence report] or to the application of the Guidelines to those facts."); *Gubanic*, 2012 WL 260265 at * 4. It follows that he has not even come close to showing that his counsel was ineffective.

### III. CONCLUSION

Timothy Frazier's 28 U.S.C. § 2255 motion (doc. 62) should be **DENIED**, so the government's dismissal motion (doc. 67) should be **GRANTED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving sua sponte denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, in forma pauperis status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this  7th  day of March, 2012.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA